UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERITA DOWNER,

        Plaintiff,                    Civil Action No. 10-cv-14974

     v.                             District Judge David M. Lawson
                                       Magistrate Judge Laurie J. Michelson

RITE AID CORPORATION,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS (Dkt. 10)**

**I. RECOMMENDATION**

      Plaintiff Sherita Downer, proceeding pro se, brought this action against her former employer, Defendant Rite Aid Corporation, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") claiming that she was wrongfully terminated on April 16, 2007 based on her race, age, and disability. (Dkt. 1, Pl.'s Compl. at 2.) In addition, Plaintiff alleges that Rite Aid retaliated against her for seeking unemployment benefits by informing a third-party that Plaintiff's employment was terminated due to misuse of an employee discount. (*Id*.) Defendant filed a Motion to Dismiss in lieu of an Answer (Dkt. 7, Mot. Dismiss), which was referred to this Court for a Report and Recommendation pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt 6, Order of Ref.) For the reasons set forth below, this Court **RECOMMENDS** that the Motion to Dismiss filed by Defendant be **GRANTED**.

## II. REPORT

### A. Facts and Procedural History

Beginning in 1999, Plaintiff was employed by Defendant Rite Aid Corporation ("Defendant" or "Rite Aid") as a Cashier/Shift Supervisor at a Rite Aid Pharmacy in Hamtramck, Michigan. (Compl. at 4). Rite Aid terminated Plaintiff's employment on April 16, 2007 for misuse of her employee discount privileges. (Compl. at 1-2.) Plaintiff then filed a claim for unemployment benefits on April 20, 2007. (Compl. at 18.) On August 24, 2007, Administrative Law Judge Paul C. Gracey upheld the issuance of benefits to Plaintiff stating that "the employer has failed to carry its burden of proof to establish that claimant's actions with respect to her discount privileges were in deliberate and wanton disregard of the interests of the employer so as to amount to misconduct" as defined in Section 29(1)(b) of the Michigan Employment Security Act.[1] (Compl. at 23.) During the unemployment proceedings Plaintiff never claimed that Defendant terminated her because of her race, age or disability. (Compl. at 14-25.)

Plaintiff filed a Charge of Discrimination with the EEOC on August 5, 2010 – over three years after her termination. (Compl. at 4.) In that Charge Plaintiff claims Defendant terminated her due to her race and disability,[2] and that Rite Aid retaliated against her by not clearing her employment record of the misuse of her employee discount. (*Id.*)

---

[1]The ALJ noted that Rite Aid did not produce any witnesses with any "personal knowledge of the claimant's use or abuse of her discount privileges" at the Unemployment Hearing, but made no findings as to the legitimacy of Rite Aid's termination decision. (Compl. at 23.)

[2]Plaintiff did not allege any claim of age discrimination in her Charge of Discrimination filed with the EEOC.

Specifically, Plaintiff applied for employment with CVS in April 2010. (Compl. at 26.) CVS requested a criminal background report on Plaintiff. (Compl. at 26.) In response to this request, ChoicePointe performed the background check. (*Id.*) During that check, ChoicePointe discovered, via LexisNexis Screening Solutions, Inc., that Plaintiff's employment history included an incident of "cash register fraud" at Rite Aide. (Compl. at 26-28.) CVS sent a letter to Plaintiff informing her of this incident pursuant to the Fair Credit Reporting Act. (Compl. at 26.) CVS declined to offer employment to Plaintiff. (Compl. at 26-28).

The EEOC issued a Right to Sue letter on September 21, 2010. (Compl. at 10.) Plaintiff filed this Complaint on December 15, 2010.

**B. Standard of Review**

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, in applying this rule to pro se plaintiffs, the allegations of the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).[3] That being said, pro se plaintiffs still must allege a set of facts that would establish a claim for relief. *Twombly*, 550 U.S. at 556. Indeed, a

---

[3] Plaintiff has attached to her Complaint numerous documents that pertain to her pursuit of unemployment benefits and a discrimination claim. Documents not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiffs claim [.]" *Greenberg* v. *Life Ins. Co. of Va.,* 177 F.3d 507, 514 (6th Cir. 1999).

plaintiff must plead facts that allow the court to infer that the defendant is liable for the misconduct alleged. *Fabian v. Fulmer Helmets, Inc*. 628 F.3d 278, 280 (6th Cir. 2010).

### C. Defendant's Motion to Dismiss

*1. Title VII and the ADA*

Under Title VII and the ADA, a Plaintiff must file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), through the state civil rights agency, within 300 days of the alleged discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Failure to do so precludes relief. *Dendinger v. Ohio BCI & I*, 207 F. App'x 521, 525-26 (6th Cir. 2006).

In her Complaint, Plaintiff alleges two acts of discrimination/retaliation. First, she alleges that her termination on April 16, 2007 was the result of discrimination based on her race, age and disability. (Compl. at 2.) Second, she alleges that Defendant retaliated against her on April 6, 2010 by reporting the cause of her employment termination as "[c]ash register fraud." (Compl. at 2, 27.)

*a. Age, Race, and Disability Claims*

As a threshold matter, Plaintiff never filed a claim of age discrimination with the EEOC. (Compl. at 4.) Therefore, Plaintiff's age discrimination claim should be dismissed for failure to state a claim upon which relief may be granted because she failed to meet the 300-day statute of limitation period of 42 U.S.C. § 2000e-5(e)(1).

Plaintiff filed a claim of race and disability discrimination on August 5, 2010, which is undisputedly beyond the 300-day statute of limitation period. Therefore, her race and disability discrimination claims are also barred by the statute of limitations unless the period was tolled. *Id*.

In deciding whether to toll the statute of limitation period, the Court analyzes the following factors: 1) whether Plaintiff was unaware of the filing requirement; 2) Plaintiff's diligence in

pursuing her rights; and 3) Plaintiff's reasonableness in remaining unaware of the filing requirement. *Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007). Tolling is applied only sparingly. *Id.*

In her Complaint and Response Brief, Plaintiff made no allegation that she was unaware of the Title VII filing requirement.[4] Indeed, given Plaintiff's diligence in pursuing her unemployment benefits, it seems unlikely that she remained ignorant of her filing requirement with regard to any alleged discrimination claim. (Compl. at 21-23.) Moreover, Plaintiff was able to understand and pursue her rights in April 2010 when she received a letter and background report indicating that a potential employer had been informed of alleged cash register fraud on her part. Plaintiff has failed to allege any facts to show that the over-three-year-gap between her termination and her filing with the EEOC is reasonable. Tolling is not warranted for Plaintiff's Title VII race and disability discrimination claims. *Dixon*, 481 F.3d at 331; *see also Weigel v. Baptist Hosp.*, 302 F.3d 367, 376 (6th Cir. 2002) (Sixth Circuit affirmed the trial court's determination that plaintiff's claims of discrimination that arose before the statute of limitations period were time-barred).

In addition, the continuing violations doctrine is inapplicable. The continuing violations doctrine allows courts to toll limitations periods for alleged discriminatory conduct that is deemed continuing in nature. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007). The Supreme Court has applied the continuing violation doctrine to hostile work environment cases that are continuing in nature.

---

[4] In fact, she seems to indicate that she is well-aware of the requirement. (Dkt. 13, Pl.'s Resp. at 8.) Plaintiff's Response Brief states the statute of limitations requirement in explicit detail, and argues that she was timely because of the recent background check. (*Id.*) This argument is addressed in the discussions on both her discrimination and retaliation claims.

5

*Morgan*, 536 U.S. at 14.[5] In addition, Congress has passed legislation mandating that courts toll limitations periods for the effects of discriminatory pay practices that occurred outside of the limitations period. *Lilly Ledbetter Fair Pay Act of 2009*, Pub. L. No. 111-2, 123 Stat. 5 (2009). It is clear, however, that the continuing violations doctrine does not apply to "discrete acts" of discrimination, such as termination. *Morgan*, 536 U.S. at 11.

Plaintiff seems to argue for the application of the continuing violations doctrine to her termination in April of 2007 via her retaliation claim. (Compl. at 4.) She contends that because she was refused employment at CVS in 2010 based on a background check revealing the (allegedly false and discriminatory) incident of cash register fraud at Rite Aid in April of 2007, a present and continuing violation exists. (Compl. at 4; Dkt. 14, Def.'s Reply Br. at 3.) This type of claim was explicitly rejected in *Morgan*. 536 U.S. at 11 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify," and not subject to the continuing violations doctrine.); s*ee also United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) ("A discriminatory act which is not made the basis for a timely charge … is merely an unfortunate event in history which has no present consequences."). Therefore, the continuing violations doctrine is not applicable here. Accordingly, Plaintiff's claim of wrongful termination in violation of Title VII and the ADA should be dismissed for failure to state a claim upon which relief may be granted.

### b. Retaliation

Plaintiff's Complaint is not entirely clear as to the substance of her retaliation claim, but her EEOC Charge points out that the ALJ found "no proof" of misconduct in determining her eligibility

---

[5] In her response brief, Plaintiff uses the terms hostile work environment and discrimination interchangeably. However, she does not allege a hostile work environment in her Complaint or in her Charge of Discrimination.

for unemployment benefits. (*Id*.) Plaintiff then states that she "was denied employment" (presumably by CVS) because of her "background check."[6] (*Id*.) Therefore, Plaintiff seems to be contending that she was retaliated against for filing for and winning unemployment benefits. According to Plaintiff, Rite Aid's "retaliation" was its failure to clear Plaintiff's employment record – or providing misinformation – regarding the reason for her termination. (Compl. at 4). Because she prevailed at her Unemployment Hearing, Plaintiff seems to infer that Defendant had an obligation to clear her record. (*Id*.) This is not so, however.[7]

Under Title VII, it is unlawful to retaliate against an individual for engaging in activity protected by Title VII. *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338 (6th Cir. 1998), *cert denied*, 525 U.S. 1106 (1999). To present a prima facie case of retaliation, the Plaintiff must prove: 1) she engaged in protected activity; 2) the employer knew about the activity; 3) the employer took action adverse to the Plaintiff; and 4) there is a causal connection between the protected activity and the adverse employment action. *Polk v. Yellow Freight Sys. Inc*., 876 F.2d 527, 531 (6th Cir. 1989).

Plaintiff has alleged no facts suggesting that she engaged in a protected activity under Title VII prior to filing her August 5, 2010 Charge of Discrimination. Indeed, pursing unemployment benefits is not protected activity under Title VII. *See EEOC Compliance Manual*,

---

[6]Notably, Plaintiff does not claim that Defendant created a false report of termination in August of 2010, well-after her employment with Defendant in order to intentionally discriminate against her now. (Compl. at 4.) She simply claims that Defendant had "no proof" at the unemployment hearing that she had "deliberately misused" her discount. (Compl. at 4.)

[7]The Michigan Employment Security Act contains no provision stating that if a Claimant is meritorious in receiving unemployment benefits, that the Employer has the burden of changing a termination reason from one of misconduct to one that alleges no misconduct (such as economic lay-off). In addition, the Act "prohibits the use of MESC [Michigan Employment Security Commission] information and determinations in subsequent civil proceedings unless the MESC is a party." Mich. Comp. Laws Ann. § 421.11(b)(1).

7

www.eeoc.gov/policy/docs/retal.html,12-24. Protected activity includes: "opposition to discrimination or participation in covered proceedings." *See id.* at 12. Plaintiff does not allege any "opposition to discrimination" prior to August 5, 2010. (Compl. at 4.) Indeed, she alleged no facts showing she ever complained of discrimination when employed by Defendant, or upon her termination. (Compl. at 4.) In addition, Plaintiff did not participate in "covered proceedings" prior to August 5, 2010. (Compl. at 4.) Covered proceedings are defined as proceedings "challenging employment discrimination under the statutes enforced by the EEOC in EEOC proceedings, in state administrative or court proceedings, as well as in federal court proceedings." *See EEOC Compliance Manual* at 24. As such, Defendant could not have retaliated against Plaintiff on April 6, 2010 because she did not engage in protected activity until August 5, 2010. In other words, the incident report on April 6, 2010 could not have been a reaction to her filing her Charge on August 5, 2010, since the incident report occurred *before* the Charge. Therefore, Plaintiff's retaliation claim under Title VII based on her pursuit of unemployment benefits should be dismissed for failure to state a claim upon which relief may be granted.

### 2. Elliott-Larsen Civil Rights Act

Plaintiff's Complaint states: "If relief is not granted, I will be irreparably denied rights secured by Title VII of the Civil Rights Act of 1964 and/or the Elliot-Larsen [sic] Civil Rights Act."[8] (Compl. 2.)

The statue of limitations for a claim under the Elliott-Larsen Civil Rights Act ("ELCRA") is three years. Mich. Comp. Laws § 600.5805(10).

---

[8]This is a preprinted line at the end of a form Complaint. (Compl. at 2.). Moreover, without the Title VII claims, it is unclear whether the Court would have jurisdiction over this state law. Nevertheless, the Court will address this claim given Plaintiff's pro se status.

*a. Age, Race, and Disability Claims*

As stated above, Plaintiff never filed a claim of age discrimination with the EEOC, the Michigan Department of Civil Rights ("MDCR") or any Court. (Compl. at 4.) Therefore, Plaintiff's age discrimination claim should be dismissed for failure to state a claim upon which relief may be granted because she has failed to file a complaint of age discrimination within the three-year statute of limitations period.[9] Mich. Comp. Laws § 37.2602; Mich. Comp. Laws § 37.2605; M.C.L.§ 600.5805(10).

Similarly, Plaintiff's claims of race and disability discrimination were not filed with the EEOC (and concomitantly, the MDCR) until August 5, 2010 for an April 2007 termination – which is beyond even the ELCRA three-year-statute-of-limitation-period. So Plaintiff's race and disability discrimination claims pursuant to ELCRA are barred by the statute of limitation unless the period was tolled.

In deciding whether to toll the statute of limitation period, Michigan Courts look only to whether there was a "substantive restriction on the plaintiff's ability to bring an action in a timely manner." *Turner v. Mercy Hosp. & Health Svcs. of Detroit*, 210 Mich. App. 345, 533 (Mich. Ct. App. 1995).

In her Complaint, Plaintiff makes no claim of a substantive restriction on her ability to bring an ELCRA claim in a timely manner. (Compl. at 1-4.) In fact, she brought her unemployment

---

[9] Notably, in Michigan, complaints of discrimination *may* be filed with the MDCR. Mich. Comp. Laws § 37.2602; Mich. Comp. Laws § 37.2605. It is not mandatory. *Id.* It is not necessary to file a charge with the MDCR to preserve the statutory claim, as it is in necessary to file a charge with the EEOC to preserve a Title VII or ADA claim. *Id.* An aggrieved employee may bring a civil action, request injunctive relief, damages or both directly and initially in circuit court without exhausting administrative remedies before filing suit. Mich. Comp. Laws § 37.2801. Plaintiff still must file within the statute of limitations period, however. Mich. Comp. Laws § 600.5805(10).

9

benefits claims and alleged retaliation claim in a timely manner. (Compl. 12-24) In addition, she did not file her Charge of Discrimination with the EEOC until August 5, 2010; so she cannot blame her delay on any inaction by the EEOC. (Compl. at 4.) Accordingly, Plaintiff's claim of wrongful termination in violation of the ELCRA should be dismissed for failure to state a claim upon which relief may be granted.

### *b. Retaliation*

As stated above, Plaintiff claims Defendant retaliated against her by not clearing her employment record regarding the misuse of her employee discount. (Compl. at 4.)

The ELCRA prohibits retaliation against any person "because the person has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." M.C.L. § 37.2701(a).

Plaintiff has alleged no set of facts to show that she "made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under" the ELCRA prior to filing her August 5, 2010 Charge of Discrimination. As such, Defendant could not have retaliated against Plaintiff on April 6, 2010 because she did not engage in protected activity until August 5, 2010. Equally fatal, pursing unemployment benefits is not protected activity under the ELCRA. M.C.L. § 37.2701(a). Therefore, Plaintiff's retaliation claim under the ELCRA should be dismissed for failure to state a claim upon which relief may be granted.[10]

---

[10] It is unclear whether Plaintiff is also alleging a state law claim for defamation and/or slander in her Complaint. In paragraph one of her Complaint, Plaintiff alleges that this is a Title VII case (Compl. at 1) – and those are the claims briefed by the parties on this Motion. In paragraph nine of Plaintiff's Complaint, however, she indicates that the acts complained of in this case include the "false and defamatory" reason conveyed for her termination. (Compl. at 2.) In the civil cover sheet accompanying the Complaint, Plaintiff describes the cause of action as: "I am suing my ex-employer for violating my civil rights/retaliation & slander." (Compl. at 50.) Plaintiff makes no

### D. Conclusion

For the forgoing reasons, this Court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

## III. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

                                           s/Laurie J. Michelson
                                           Laurie J. Michelson
                                           United States Magistrate Judge

---

mention of a slander claim in her Response Brief. Nor has she alleged sufficient facts demonstrating that the court would even have jurisdiction over this state law claim upon the dismissal of her federal claims. Therefore, this lack of clarity does not preclude granting the Defendant's Motion.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 11, 2011.

                                          s/Susan Jefferson
                                          Deputy Clerk