UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERITA DOWNER,

        Plaintiff,

v.

        Case No. 10-14974
        Honorable David M. Lawson
        Magistrate Judge Laurie J. Michelson

RITE AID CORPORATION,

        Defendant.
_____/

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING CASE**

The matter is before the Court on objections to a report filed by Magistrate Judge Laurie J. Michelson recommending that the defendant's motion to dismiss be granted. The plaintiff filed a *pro se* complaint against defendant Rite Aid Corporation alleging that she was (1) discriminated against based on her age, race, and disability when her employment was terminated by the defendant and (2) the defendant retaliated against her by stating on her employment history report that she was terminated for cash register fraud. The Court entered an order referring the case to the magistrate judge to conduct all pretrial matters. Thereafter, the defendant filed its motion to dismiss, arguing that the plaintiff's claims are barred by the statute of limitations. The magistrate judge recommended that the Court grant the motion and dismiss the case. The plaintiff timely filed an objection and the matter is before the Court for *de novo* review. The Court finds that the magistrate judge's conclusions are correct. Therefore, the Court will overrule the objections, adopt the report and recommendation, grant the defendant's motion to dismiss, and dismiss the complaint.

I.

According to the complaint and its attachments, plaintiff Sherita Downer was hired on January 15, 1998 by Rite Aid Corporation as a cashier at the Rite Aid Pharmacy in Hamtramck, Michigan. At some point, for unknown reasons, the plaintiff left her employment with Rite Aid but was rehired on March 15, 1999. Some time thereafter, the plaintiff was promoted from cashier to shift supervisor, although it is unclear when the promotion occurred.

On April 8, 2006, the plaintiff injured her back while at work. As a result, she says her activities were restricted, including limitations on lifting, pushing, pulling, and bending. The plaintiff alleges that Rite Aid denied the plaintiff time off to go to physical therapy and doctor appointments. As a result, the plaintiff states that she was "dismissed by [her doctor] for missing doctor appointments." Compl. at 8.

The defendant terminated the plaintiff's employment for misuse of her employee discount privileges on April 15, 2007. On April 20, 2007, the plaintiff filed a claim for unemployment benefits, which the defendant contested. On August 24, 2007, a state administrative law judge upheld the plaintiff's unemployment benefits because Rite Aid "failed to carry its burden of proof to establish that claimant's actions with respect to her discount privileges were in deliberate and wanton disregard of the interests of the employer so as to amount to misconduct." Compl., Ex. 2, ALJ Decision at 2-3. In her complaint in this Court, the plaintiff alleges that her termination was due to illegal discrimination based on age, race, and disability. However, during the unemployment proceedings the plaintiff did not claim that she was terminated because of her age, race, or disability.

On October 18, 2007, the defendant mailed a letter to the plaintiff demanding payment for the amount of the cash register fraud. The letter stated that "you failed to keep your commitment to Rite Aid Corporation to make monthly payments until such time as your indebtedness is paid in full . . . . If, by 11/17/2007, we have not received a recent payment towards your balance of

$188.61, we will exercise our legal options." Compl. Ex. 4, Repayment Letter at 1.  The plaintiff alleges that misconduct charges are false.  Neither party provided any additional documentation to suggest that the plaintiff agreed to make monthly payments to the defendant.

In April 2010, the plaintiff applied for employment with CVS Pharmacy.  As part of the application process, CVS requested a background check from LexisNexis.  LexisNexis informed CVS that the plaintiff's history included an incident of cash register fraud while she was employed at Rite Aid.  CVS provided the plaintiff with a copy of the report and sent a letter to the plaintiff informing her that CVS would not offer her employment.

The plaintiff took no action on her discrimination claims until August 5, 2010, when she filed a Charge of Discrimination with the EEOC.  The plaintiff alleged that she was terminated based on her race and disability, and the defendant retaliated against her by failing to clear her employment record of the misuse of her employee discount.  Although the plaintiff alleged that she was terminated based on her age in her complaint, she did not contend in her Charge of Discrimination that she was terminated based on her age.  The plaintiff argues that the discriminatory acts occurred from April 15, 2007, the day of her termination, to April 6, 2010, the day she was denied employment with CVS.  The plaintiff does not allege that she was subjected to discrimination or retaliation prior to her termination.  The EEOC issued a Right to Sue letter on September 21, 2010. Compl. at 10.

The plaintiff filed her complaint on December 15, 2010.  On February 1, 2011, the defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Magistrate Judge Michelson issued a report recommending that the Court grant the defendant's motion to dismiss on the grounds that (1) the discrimination claim is barred by the statute of limitations and (2) the retaliation claim is not viable because the plaintiff did not engage in any protected activities under

Title VII or the Elliott-Larsen Civil Rights Act until after the alleged retaliation occurred. The plaintiff filed timely objections to the Report and Recommendation contending that she was not aware of the statute of limitations, the defendant lied in its motion to dismiss, and the magistrate judge was biased.

## II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380).

"[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections," *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004), and releases the Court from its duty to independently review the motion, *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (holding that the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

A *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and such complaints still must plead facts sufficient to show a redressable legal wrong has been committed, Fed. R. Civ. P. 12(b);

-4-

*Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). To plead a case under the current regime, a plaintiff "must plead 'enough factual matter' that, when taken as true, 'state[s] a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007). "Plausibility requires showing more than the 'sheer possibility' of relief but less than a 'probab[le]' entitlement to relief." *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009)).

"A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." *Moseke v. Miller & Smith, Inc.*, 202 F. Supp. 2d 492, 501 (E.D. Va. 2002). Rule 12(b)(6) authorizes federal courts to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted 'when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief.'" *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) (quoting *Ott v. Midland-Ross Corp.*, 523 F.2d 1367, 1369 (6th Cir. 1975)); *see also Berry v. Chrysler Corp.*, 150 F.2d 1002, 1003 (6th Cir. 1945) (stating that "[t]he defense of the statute of limitations is covered by [Rule 12(b) ](6), and therefore is properly raised by motion"). "What that means in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999).

In this case, the plaintiff filed her Charge of Discrimination over three years after she was terminated. A plaintiff alleging discrimination under Title VII or the ADA must file a charge of discrimination with the EEOC within 300 days of the discriminatory event. 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a) (incorporating Title VII procedural requirements into the ADA); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). For an

employment discrimination claim under Title VII or the ADA, the limitations period begins to run once "an employer makes and communicates a final decision to the employee." *E.E.O.C. v. United Parcel Serv., Inc.*, 249 F.3d 557, 561 (6th Cir. 2001); *Hall v. The Scotts Co.*, 211 F. App'x 361, 363 (6th Cir. 2006) (holding that the limitations period began to run once the employer denied an employee's request to operate a fork lift with a respirator due to his breathing problems). A new limitations period does not begin if a party suffers adverse consequences from a previous discriminatory act. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977) (holding that a flight attendant's claim for employment discrimination was barred because losing seniority was the present effect of a past discriminatory act); *Deleware State Coll. v. Ricks*, 449 U.S. 250, 258 (1980) (finding that a college professor's claim for employment discrimination was barred because the discriminatory act took place on the day the professor received notice of his termination and not on his final day of employment). To pursue her claims, the plaintiff was required to file her EEOC charge on time. She did not. Her federal claims are time-barred.

The same fate befalls her state law claims. A discrimination claim under the Elliott-Larsen Civil Rights Act (ELCRA) must be filed within three years from the date of the discriminatory action. Mich. Comp. Laws § 600.5805(10); *see Magee v. DaimlerChrysler Corp.*, 472 Mich. 108, 113, 693 N.W.2d 166, 168 (2005) (per curiam). The limitation period begins to run on the date of the alleged wrongful act and not when the damages are suffered. *Joliet v. Pitoniak*, 475 Mich. 30, 40-41, 715 N.W.2d 60, 67 (2006). A discrimination compliant may be filed with the Michigan Department of Civil Rights (MDCR), although it is not required. Mich. Comp. Laws §§ 37.2602, 37.2605. Because the plaintiff waited over three years to file her lawsuit arising from her termination by Rite Aid, she may not pursue it in this Court.

The plaintiff also implies that the acts of discrimination continued from April 15, 2007 to April 6, 2010, but neither the facts as alleged nor the law support her argument. "Under Title VII, two types of actions may be brought: (1) 'discrete discriminatory acts,' and (2) claims alleging a 'hostile work environment.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 993-94 (6th Cir. 2009) (citing *Morgan*, 536 U.S. at 110 (2002)). The plaintiff did not allege a hostile work environment. Instead, she alleged that Rite Aid discriminated against her by firing her — a discrete act. The continuing violations doctrine is not applicable in cases of "discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire" because those acts are easy to identify. *Morgan*, 536 U.S. at 114; *Dendinger v. Ohio*, 207 F. App'x 521, 526 (6th Cir. 2006) (holding that the continuing violations doctrine was not applicable because "each of the violations . . . was a discrete occurrence of which [the plaintiff] was aware at the time").

The plaintiff also contends that Rite Aid retaliated against her when it failed to clear her employment record of the charge of cash register fraud. For the purpose of this motion, the Court assumes that the cash register charge is false and Rite Aid did not take the entry off the plaintiff's employment record. To plead a case of retaliation under Title VII, the ADA, or the ELCRA, a plaintiff "must establish that (1) he or she engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 720 (6th Cir. 2008); *DeFlaviis v. Lord & Taylor Inc.*, 223 Mich. App. 432, 436, 566 N.W.2d 661 (1997). It is unlawful to retaliate against an employee who "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" relating to discriminatory employment practices. 42 U.S.C. 2000e-3. Similarly, the ELCRA prohibits retaliation in cases where a person "has made

a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this act." Mich. Comp. Law § 37.2701(a).

Magistrate Judge Michelson determined that the plaintiff did not allege that she engaged in protected activity *before* the alleged retaliatory act. That point is obvious from the plaintiff's complaint. The plaintiff learned of the black mark on her record in April 2010 when she applied for work at CVS. That meant that Rite Aid took the action of besmirching her employment record sometime before that. But the plaintiff did not complain to the EEOC until August 2010. There is no way the plaintiff's prior EEOC filing could be the motivation for the defendant's earlier action, and the plaintiff has not alleged any other form of protected conduct.

The plaintiff also insists that she was not aware of the statute of limitations' requirements. Perhaps, but that does not save her case. The magistrate judge, although acknowledging that the concept of equitable tolling can sometimes cushion the effect of the statute of limitations, concluded that no relief was warranted here. The Court agrees. The fact that the plaintiff may be untrained in the law, may have been proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004) (holding that ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that "ignorance of the law, even for an incarcerated *pro se* petitioner" does not excuse late filing); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (holding that lack of professional legal assistance does not justify tolling). The plaintiff has offered no good reason for not pursuing her rights in a timely manner, and she has not identified any obstacle that prevented her from complaining about the alleged discrimination promptly after she was fired.

Finally, the plaintiff complains about the impartiality of the decision maker, Judge Michelson. It is unfortunate that the plaintiff, disgruntled by the magistrate judge's recommendation that was foreordained by resort to the plain language of the applicable statutes and the calendar, has now chosen to level a baseless charge of judicial bias. Alleging that a judge is prejudiced against a party is a serious matter, and a person making such a claim ought to be able to back it up. "Under 28 U.S.C. §§ 144 and 455, a judge must recuse himself if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir.1990); *see also United States v. Hartsel*, 199 F.3d 812, 820 (6th Cir. 1999). Prejudice or bias sufficient to justify recusal must be personal or extrajudicial. *In re M. Ibrahim Khan, P.S. C.*, 751 F.2d 162, 164 (6th Cir. 1984). "Personal bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *United States v. Nelson*, 922 F.2d 311, 319-20 (6th Cir. 1990) (internal quotation marks omitted). Bias finding its source in the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification. *United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983). Therefore, disagreement with a judge's decision or ruling is not a basis for disqualification or upsetting judicial rulings. *Liteky v. United States*, 510 U.S. 540, 555-56 (1994). The plaintiff makes no effort to support her allegations of judicial bias with any facts, other than to disagree with the outcome. Her contention is impertinent and deserves no serious consideration.

### III.

The plaintiff has not provided sufficient reason to dispute the correctness of the magistrate judge's conclusions.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #16] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #17] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt. #10] is **GRANTED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: August 29, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 29, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL